UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


IRENE S. JOHNSON, et al.,

      Plaintiffs,

v.                          Case No. 3:04-cv-522-J-25HTS

FLORIDA DEPARTMENT OF
CORRECTIONS,

      Defendant.

_____

**O R D E R**

This cause is before the Court on Plaintiffs' Motion to Compel Defendant to Comply with the Scheduling Order Regarding Scheduling Depositions (Doc. #39; Motion), filed on April 21, 2005. Defendant opposes the Motion. Defendant's Response to Plaintiffs' Motion to Compel Defendant to Comply with the Scheduling Order Regarding Scheduling Depositions (Doc. #40; Opposition), filed on April 28, 2005.

The Motion requests the Court to compel Defendant to "cooperate with Plaintiffs to schedule a maximum of fifteen (15) depositions." Motion at 1. Plaintiffs reason the Case Management Report (Doc. #18; CMR) shows an agreement that they be permitted to conduct "fifteen (15) depositions rather than the standard ten (10)." *Id.* at 3. Thus, they say the Court's statement in "the Case Management and Scheduling Order [instructing] the Parties to comply with the [CMR,]" amounted to an order allowing them to

conduct fifteen depositions.  *Id.*  Defendant responds "[t]here never has been a specific agreement, much less a discussion, concerning allowing Plaintiff[s] to take more than ten depositions."  Opposition at 2.  In fact, it is asserted, the "agreed terms on their face are that if Plaintiffs wish to take more than ten depositions, they must present such a request by motion to the Court."  *Id.*

A review of the relevant documents makes clear that, contrary to Plaintiffs' assertion, the Court has not previously ordered they may take fifteen depositions in this case.  The Case Management and Scheduling Order (Doc. #20) does not specify how many depositions will be taken by the parties.  It does, however, state they are to "meet the agreed upon terms and time limits in the [CMR.]" *Id.* at 1.  Among other things, that report states "[a]ny request by Plaintiffs to exceed [the ten deposition] limit must be presented by motion [to the Court.]" CMR at 2.  Such a motion has not been filed.  Thus, the Motion requesting Defendant be compelled to cooperate in scheduling more than ten depositions is not well taken.

In light of the foregoing, the Motion (Doc. #39) is **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida this 29th day of April, 2005.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

- 2 -

Copies to:

Counsel of Record and
 *pro se* parties, if any