UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


IRENE S. JOHNSON, et al.,

       Plaintiffs,

v.                                        Case No. 3:04-cv-522-J-25HTS

FLORIDA DEPARTMENT OF
CORRECTIONS,

       Defendant.

_____

**O R D E R**

**I.  Status**

    This cause is before the Court on Plaintiffs' Motion to Quash and/or Motion for Protective Order (Doc. #21; Motion). Defendant's Response to Plaintiffs' Motion to Quash and/or Motion for Protective Order (Doc. #24; Opposition) was subsequently filed. A response to the Opposition was then filed. Plaintiffs' Reply to Defendant's Response to Plaintiffs' Motion to Quash and/or Motion for Protective Order (Doc. #37; Reply).

    In this case, employees of the Florida Department of Corrections (DOC) are suing for sexual harassment and retaliation. *See* Amended Complaint (Doc. #3) ¶ 10. Plaintiffs allege they "were subjected to an ongoing campaign of sexual harassment by male supervisors and co-workers." *Id.* ¶ 26. In addition, they say they

"were discouraged from reporting the sexual harassment they . . . endured in the workplace and were subjected to adverse personnel action and a retaliatory hostile work environment when they reported and/or protested unlawful sex harassment/discrimination." *Id.* ¶ 44. Damages are sought for "mental anguish, distress, humiliation, great expense, including medical bills, and loss of enjoyment of life[.]" *Id.* ¶ 75; *see id.* ¶ 80. As part of its discovery herein, Defendant issued subpoenas to mental health and medical professionals who provided care to Plaintiffs. *See* Composite Exhibit 2, attached to the Motion; Plaintiffs' Initial Disclosures, attached to the Opposition as Exhibit 1.

## II. Analysis

### A. Motion to Quash

Plaintiffs seek an order to "prohibit Defendant DOC from engaging in discovery of any of Plaintiffs' medical records that concern any psychotherapist-patient communications[.]" Motion at 4. Defendant acknowledges the existence of a psychotherapist-patient privilege, Opposition at 2, but asserts that "none of the medical providers have been identified as psychotherapists[.]" *Id.* at 5. Furthermore, according to Defendant, "[e]ven if some of the medical providers can be identified as psychotherapists, the privilege has been waived" because Plaintiffs "are seeking damages for emotional distress resulting from sexual harassment." *Id.* (emphasis omitted).

Pursuant to Rule 45(c)(3)(A)(iii), the Court must quash a subpoena when it "requires disclosure of privileged or other protected matter and no exception or waiver applies[.]" "[I]n a civil proceeding where the court's jurisdiction is premised upon a federal question," the federal law of privilege applies. *Hancock v. Hobbs*, 967 F.2d 462, 467 (11th Cir. 1992) (per curiam); *see also Vinson v. Humana, Inc.*, 190 F.R.D. 624, 626 (M.D. Fla. 1999). Such is the case here, where Plaintiffs maintain "[t]his Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1331. Relief is authorized under 42 U.S.C. §§ 2000(e) *et seq.*" Amended Complaint ¶ 1.

"[C]onfidential communications between a licensed psychotherapist and [his or] her patients in the course of diagnosis or treatment" are privileged. *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). This privilege covers not only "licensed psychiatrists and psychologists[,]" but also "licensed social workers" who provide therapy. *Id.* The privilege may be waived, *id.* at 15 n.14, when a party places his or "her mental condition in issue[.]" *Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 556 (N.D. Ga. 2001). Further, along with "facts showing the occurrence of psychotherapy, . . . any information which does not reveal the substance of a client's confidential communications with a therapist falls outside the scope of the privilege." *Vinson*, 190 F.R.D. at 627; *see Stevenson*, 201 F.R.D. at 558. The question at

- 3 -

issue is whether, by bringing claims of damages for emotional distress, Plaintiffs have waived the privilege for mental health records that would otherwise be protected as confidential psychotherapist-patient communications.

Courts take differing positions as to when a party has placed his or her mental condition in issue such that waiver occurs. Some have adopted a broad view, while others believe the privilege is waived only in a very narrow set of circumstances. *See Stevenson*, 201 F.R.D. at 556-57 (discussing various ways of handling waiver); *Ruhlmann v. Ulster County Dep't of Soc. Servs.*, 194 F.R.D. 445, 448-51 (N.D.N.Y. 2000) (same); *Jackson v. Chubb Corp.*, 193 F.R.D. 216, 220-24 (D.N.J. 2000) (same). Having considered those approaches, the Court is persuaded that, in a case like this, "where a plaintiff merely alleges 'garden variety'[1] emotional distress and neither alleges a separate tort for the distress, any specific psychiatric injury or disorder, or unusually severe distress, that plaintiff has not placed his/her mental condition at issue to justify a waiver of the . . . privilege." *Jackson*, 193 F.R.D. at 225 n.8; *see also Stevenson*, 201 F.R.D. at 557 (privilege is not waived for garden-variety claim of emotional distress); *Morrisette v. Kennebec County*, No. Civ. 01-01-B-S, 2001 WL 969014,

---

[1]     By way of general definition, it has been explained that "[g]arden-variety emotional distress is that which [is] simple or usual.  In contrast, emotional distress that is not garden-variety may be complex, such as that resulting in a specific psychiatric disorder, or may be unusual, such as to disable one from working."  *Ruhlmann*, 194 F.R.D. at 449 n.6.

at *2 (D. Me. Aug. 21, 2001) ("[A] plaintiff does not waive the psychotherapist-patient privilege simply as a consequence of seeking 'garden variety' emotional damages.").

A review of the Amended Complaint reveals Plaintiffs have made no separate tort claims for intentional or negligent infliction of emotional distress.   Rather, the paragraphs regarding damages stemming from violations of Title VII include claims for "mental anguish, distress, humiliation . . . and loss of enjoyment of life[.]"   Amended Complaint ¶¶ 75, 80.   They include no claims for specific mental disorders or unusual distress, but merely "for incidental emotional distress damages [which] seek recompense for those emotional injuries that are likely to arise as a fair consequence of the underlying [violation]."   *Morrisette*, 2001 WL 969014, at *2.

In *Morrisette*, the court had apparently been apprised that the plaintiff did not intend to call any witnesses to establish emotional distress damages or present evidence demonstrating emotional or psychological disorders or mental health treatment as a result of the alleged violations.   *See id.* at *1.   In this case, Plaintiffs have not been as forthcoming.   Yet, when the allegations of the Amended Complaint are juxtaposed with Plaintiffs' arguments contained in the Motion and Reply, the Court is confident only incidental emotional distress damages are sought.   *See* Motion at 6-7 (relying on authority stating no waiver occurs when "garden-

variety" emotional distress damages alleged); Reply at 3 (arguing "waiver of the psychotherapist-patient privilege has not occurred merely by filing a Title VII sex harassment claim").  Based on the foregoing, it is determined the emotional distress claims are merely garden-variety and the privilege has not been waived by their inclusion in the Amended Complaint.[2]

Having succeeded in their quest to avoid disclosure of mental health records premised on the position that their claims of distress are only garden-variety in nature, Plaintiffs should be aware they will be prevented from seeking damages for more complex or unusual types of emotional distress, using the therapists as witnesses, or presenting the substance of communications with the mental health professionals.[3]  *See Santelli*, 188 F.R.D. at 307 (motion to compel production of psychotherapy records denied based upon Plaintiff's representation that compensatory damages would be limited to humiliation and embarrassment, not emotional distress; precluding testimony concerning emotional distress "that necessitated care or treatment by a physician[;]" and "limiting . . . emotional distress damages to humiliation, embarrassment,

_____

[2]     In *Santelli v. Electro-Motive*, the court indicated disclosure of a therapist as a trial witness would result in waiver of the privilege.  188 F.R.D. 306, 308 n.1 (N.D. Ill. 1999).  Here, the individuals at issue have been listed only in Plaintiffs' Initial Disclosures.

[3]     Although "[a] plaintiff's own testimony may suffice" to show emotional distress damages, *Bernstein v. Sephora*, 182 F. Supp. 2d 1214, 1227 (S.D. Fla. 2002), other factors may be relevant to prove the extent of those damages.  *Id*.  "Bare testimony of humiliation or disgust may prevent [a plaintiff] from fully recovering for her alleged emotional distress." *Santelli,* 188 F.R.D. at 309.

- 6 -

anger, disgust, frustration, and similar emotions") (internal quotation marks omitted); *see also Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225, 230 (D. Mass. 1997) (stating if the plaintiff were to "introduce evidence regarding the substance of her conversations with her psychotherapist in order to further her claim of emotional damage" she would have waived the privilege).

In light of the foregoing, the subpoenas at issue will be quashed to the extent they seek communications covered by the psychotherapist-patient privilege. As explained above, this would not include information other than the substance of confidential communications with licensed therapists.

**B.   Request for Protective Order**

Plaintiffs state "discovery of [their] relevant, non-privileged medical information should be limited in time to five years from the date of the request and to only those records which are relevant to the damages in this case." Motion at 7. According to the Motion, "because there are no time periods set forth in Defendant DOC's subpoenas to [their] health care providers, they seek a great deal of irrelevant and private materials." *Id.* Defendant does not dispute this assertion. Thus, it appears the requested limitation would be appropriate.

The Motion also asks that the documents be limited to this litigation and their confidentiality be maintained. *Id.* at 1-2; *see also* Reply at 4. Defendant responds that the records "should

be produced without being subject to a confidentiality order." Opposition at 9.  It is argued Plaintiffs have made information available to the media and "should not be permitted to take public pot shots at Defendant and its employees in the media and then hide behind a confidentiality order." *Id*. at 10.

Under Rule 26(c), "for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the disclosure or discovery may be had only on specified terms and conditions[.]"

Upon consideration of the parties' assertions, Defendant's position is not well taken.  Pursuant to Rule 26(c), given the private nature of medical records, the Court finds there is good cause for the entry of an order to protect the confidentiality of Plaintiffs' medical information.  *See Workman v. Carolina Freight Carriers Corp.*, Civ.A.No. 93-T-593-N, 1994 WL 644890, at *1 (M.D. Ala. April 8, 1994) (considering "plaintiff's medical records . . . to be confidential").  To this end, the parties shall confer and file an agreed protective order relating to these materials within ten (10) days from the date of this Order.  Should the parties fail to agree on terms for the protective order, within the same time period the parties shall submit a proposed protective order containing the text on which agreement was reached.  The

proposed order shall also include the terms on which the parties are unable to agree, with suggested language submitted by each side.

### III.   Conclusion

In view of the above discussion, the Motion (Doc. #21) is **GRANTED,** as set forth herein.   Thus, the subpoenas at issue are quashed and must be redrawn in a manner consistent with this Order. Additionally, any documents Defendant has already received pursuant to the subpoenas, *see* Order (Doc. #22),[4] shall be returned without further examination.

**DONE AND ORDERED** at Jacksonville, Florida this 10th day of May, 2005.

/s/_____ Howard T. Snyder_____
HOWARD  T.  SNYDER
UNITED  STATES  MAGISTRATE  JUDGE

Copies to:

Counsel of Record and
        *pro se* parties, if any

---

[4]      In that order, the discovery at issue was stayed and Defendant was instructed to maintain any documents previously received without reviewing them. *Id*. at 1.