**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IRENE S. JOHNSON, et al.,

    Plaintiffs,

v.                              Case No. 3:04-cv-522-J-25HTS

FLORIDA DEPARTMENT OF
CORRECTIONS,

    Defendant.
_____

**O R D E R**

This cause is before the Court on Plaintiffs' Motion to Conduct More Than Ten Depositions (Doc. #43; Motion), filed on May 2, 2005. The Motion is opposed by Defendant. Defendant's Response to Plaintiffs' Motion to Conduct More Than Ten Depositions (Doc. #50; Opposition), filed on May 12, 2005.

Plaintiffs request permission to conduct fifteen depositions rather than the usual ten. Motion at 1. In support, they state "[t]his is a joint action brought by six plaintiffs" and there are "twelve [Department of Corrections] employees [identified in the Complaint] who have knowledge of or directly participated in the allegations in this case[.]" *Id.* at 2. In addition, "Defendant identified approximately forty-eight [Department of Corrections] employees in its Initial Disclosures who have information about the Plaintiffs' claims" but "has refused to allow Plaintiffs to have

any contact with [Department of Corrections] employees without counsel present[.]" *Id.*

Defendant responds Plaintiffs have not made a particularized showing the depositions are necessary but have merely "generally assert[ed] that this is a multi-party case where approximately 60 people have information about Plaintiffs' claims." Opposition at 2. Further, they "have failed to identify what 15 depositions they wish to take." *Id.* at 3. According to Defendant, "[t]he mere fact that many individuals may have discoverable information does not necessarily entitle a party to depose each such individual." *Id.* at 4.

Pursuant to Rule 30(a)(2)(A), Federal Rules of Civil Procedure (Rule(s)), leave of court must be obtained before a party may conduct more than ten depositions in a case. *See also* Rule 3.02(b), Local Rules, United States District Court, Middle District of Florida ("[N]o more than ten depositions per side may be taken in any case unless otherwise ordered by the Court."). The depositions should not be allowed if the Court

> determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

- 2 -

Rule 26(b)(2). "[A] party seeking to exceed the presumptive number of depositions must make a 'particularized showing of why the discovery is necessary.'" *Bituminous Fire and Marine Ins. Corp. v. Dawson Land Dev. Co.*, No. 3:02-CV-793-J-21TEM, 2003 WL 22012201, at *1 (M.D. Fla. Feb. 13, 2003) (quoting *Daniels Midland Co. v. Aon Risk Servs., Inc.*, 187 F.R.D. 578, 586 (D. Minn. 1999)).

Here, Plaintiffs have failed to make the required showing. The Motion alleges there are numerous individuals who have information related to the case, *see* Motion at 2-3, and "the number of Plaintiffs and the complex nature of the case militate in favor of allowing the Plaintiffs to take fifteen depositions." *Id.* at 3. It has not been explained why Plaintiffs believe each of the requested depositions is necessary. They have not listed the individuals they seek to depose and, from the information provided, the Court is unable to determine whether the proposed discovery would be unreasonably cumulative or if the burden would outweigh the likely benefit. The assertions in the Motion are simply insufficient to justify allowing Plaintiffs to exceed the number of depositions ordinarily allowed under the Rules.

In light of the foregoing, the Motion (Doc. #43) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 18th day of May, 2005.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
    *pro se* parties, if any