IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
(Jacksonville Division)

IRENE S. JOHNSON, et al.
Plaintiffs,

v.                                                                         Civil Action No.: 3:04-CV-522-J-25HTS

FLORIDA DEPARTMENT
OF CORRECTIONS,
Defendant.
_____/

## ~~PROPOSED~~ PROTECTIVE ORDER *HTS*

Upon Plaintiffs' Irene S. Johnson, Karen A. Jones, Sharon D. King, Pat Sprow, Felicia R. Suelter, and Theresa K. Wilds ("the Plaintiffs"), Motion to Quash and/or Motion for a Protective Order (Doc. 21) pursuant to Rules 26(c) and 45(c) *HTS* of the Federal Rules of Civil Procedure, any opposition thereto, and the Court's Order of May 10, 2005 (Doc. 48),

It is hereby ORDERED that:

1. ~~All Classified Information~~ Plaintiffs' medical records *HTS* produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

~~Defendant proposes striking "All classified information" with "Plaintiff's medical records."~~ *HTS*

~~2.    "Classified Information," as used herein, means Plaintiffs' non-privileged medic~~al information of any type, kind or character which is ~~designated as "Confidential"~~ by Plaintiffs, *HTS* whether it be a document, information ~~contained in a~~ document, information revealed during a deposition, information ~~revealed in an~~ interrogatory answer or otherwise. In designating information as ~~"Confidential," P~~laintiffs will make such designation only as to that information they in good faith ~~believes contains confidential medical information~~.

~~Defendant proposes striking paragraph 2.~~ *HTS*

3.    "Qualified Persons," as used herein means:

   (a)    Attorneys of record for the parties in this litigation and employees of such

attorneys to whom it is necessary that the material be shown for purposes of this litigation;

(b) Actual or potential independent experts or consultants, who have been designated in writing by notice to all counsel prior to any disclosure of "Confidential" information to such persons, and who have signed a document agreeing to be bound by the terms of this protective order;

(c) Representatives of the Florida Department of Corrections or Florida Department of Financial Services who have a substantial need to see any designated confidential documents as set forth herein and who shall sign a document agreeing to be bound by the terms of this protective order; and

~~Defendant did not agree with the last clause "and who shall sign a document agreeing to be bound by the terms of this protective order."~~ *HTJ*

(d) If this Court so elects, any other person may be designated as a Qualified Person by agreement of the Parties or by order of this Court upon motion of any Party.

4. "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons.

5. Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this order. Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party. Defendants shall immediately provide Plaintiffs copies of all documents obtained from third parties that contains private medical information. Documents unintentionally produced that are determined ~~by~~ to be privileged shall immediately be returned to Plaintiffs' counsel, shall remain confidential and shall not be used or referred to in this litigation in any manner whatsoever.

6. Documents containing private medical information to be inspected shall be treated as "Confidential" during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" by the producing party.

~~Defendant proposes striking paragraph 6.~~ *HTJ*

7. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.

~~8. Defendant Department of Corrections is prohibited from engaging in any discovery~~ *HTJ*

~~of Plaintiffs' private medical records that reflect privileged psychotherapist-patient communications unless express written waiver has been given.~~ HTS

**~~Defendant proposes striking paragraph 8.~~** HTS

9. Discovery of Plaintiffs' non-privileged medical information shall be limited in time to five years from the date of any request, unless otherwise permitted by stipulation HTS of the parties or order of the court.

**~~Defendant proposes striking paragraph 9.~~** HTS

10. Discovery of Plaintiffs' non-privileged medical records shall be limited to only medical information that is relevant to the damages in this case.

**~~Defendant proposes striking paragraph 10.~~** HTS

11. All documents designated confidential shall be destroyed or returned to Plaintiffs at the close of litigation.

Done and Ordered at Jacksonville, Florida, this 25th day ~~SIGNED AND ENTERED this ____ day~~ of May, 2005.

_____
UNITED STATES MAGISTRATE JUDGE