UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IRENE S. JOHNSON, et al.,

    Plaintiffs,

v.                                    Case No. 3:04-cv-522-J-25HTS

FLORIDA DEPARTMENT OF
CORRECTIONS,

    Defendant.
_____

**O R D E R**

    This cause is before the Court on Plaintiffs' Motion to Compel James V. Crosby to Respond to Deposition Questions (Doc. #85; Motion), filed on August 9, 2005. Defendant's Response to Plaintiffs' Motion to Compel James V. Crosby, Jr. to Respond to Deposition Questions and Motion for Protective Order (Doc. #95; Response Motion) was filed on August 17, 2005.

    Plaintiffs request that Mr. Crosby, the current "Secretary of the Florida Department of Corrections" and former "director of Region II for the [Department of Corrections (DOC),]" Motion at 2, be ordered to respond to questions which were asked during the deposition. *Id.* at 1. Specifically, Plaintiffs' counsel inquired whether Mr. Crosby ever had a sexual relationship with a female subordinate at the DOC and whether he had any such relationship prior to becoming Secretary. *Id.* at 2; *see also* Videotaped

Deposition of: James V. Crosby, attached to the Motion as Exhibit 1, at [internally numbered] 77-78. Pursuant to the advice of Defendant's attorney, the Secretary refused to answer. Motion at 2.

It is asserted that "the issue of widespread sexual favoritism is very relevant." *Id.* at 3. Thus, it is Plaintiffs' position that "Mr. Crosby's behavior as it concerns this issue has direct bearing on the claims asserted in this case." *Id.* at 5.

It is Defendant's position that "the questioning of Secretary Crosby about consensual sexual relationships was conducted in bad faith or in such a manner as unreasonably to annoy, embarrass, or oppress Mr. Crosby and the Department of Corrections." Response Motion at 2. It is stated "Mr. Crosby is not accused of sexual harassment in this case" and should not be compelled "to answer questions about his private, consensual sex life." *Id.* (emphasis omitted). Thus, a protective order is sought to prevent further questioning of Mr. Crosby on this subject. *Id.*

A review of the Amended Complaint (Doc. #3) reveals there are no allegations therein relating to behavior by Mr. Crosby, including any participation in "widespread sexual favoritism[.]" Motion at 3. He is not mentioned in the document nor is he alleged to have engaged directly in the sexual harassment detailed therein. Under the circumstances presented, the "court must balance plaintiff's need to inquire into the sexual conduct [of a non-

party] against the non-part[y's] legitimate interests in privacy." *Wheels v. Human Res. Sys., Inc.*, 179 F.R.D. 635, 637 (S.D. Ala. 1998).

It is unclear what Plaintiffs believe would be established by questioning Mr. Crosby regarding his sexual relationships. As stated, the questions do not appear to relate to any of the facts set forth in the Amended Complaint. On the other hand, the witness clearly has a strong interest in protecting private information relating to his consensual sexual activities, especially as he is not alleged to have participated in the conduct outlined as the basis for the action. *See id.* at 639.

In light of the questionable relevance of the information sought to be discovered, along with the witness's strong interest in keeping the information private, the requisite good cause for the issuance of an order protecting the deponent has been established. *See* Rule 26(c), Federal Rules of Civil Procedure. As such, the Motion (Doc. #85) is **DENIED** and the Response Motion (Doc. #95) is **GRANTED** to the extent Mr. Crosby will not be required to respond to the deposition questions at issue.

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of August, 2005.

/s/   Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
    *pro se* parties, if any