```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION
```

IRENE S. JOHNSON, et al.,

    Plaintiffs,

v.                                  Case No. 3:04-cv-522-J-25HTS

FLORIDA DEPARTMENT OF
CORRECTIONS,

    Defendant.
_____

### **O R D E R**

    This cause is before the Court on the Motion to Compel Compliance with Order of Compulsory Mental Examination of Plaintiff Felicia Suelter (Doc. #131; Motion), filed on September 22, 2005. Defendant filed the Supplemental Motion to Compel Compliance with Order of Compulsory Mental Examination of Plaintiff Felicia Suelter (Doc. #135; Supplemental Motion) on September 28, 2005. Plaintiffs' Opposition to Defendant's Motion to Compel Compliance with Order of Compulsory Mental Examination of Plaintiff Felicia Suelter (Doc. #139; Opposition) was filed on October 6, 2005.

    Defendant requests that the Court compel Plaintiff "to complete [a portion] of the previously ordered examination[.]" Motion at 2-3. It asserts "Ms. Suelter did not appear either at the correct time or correct location for her IME." *Id.* at 2.

Additionally, it is stated "the portion of the testing [Ms. Suelter] did take is invalid because she did not answer enough of the questions." Supplemental Motion at 1. Thus, "Defendant requests that [she] be ordered to undertake a complete reexamination . . . ." *Id.* Defendant asks that she be required to pay the cost of the additional examination and the attorney's fees incurred in preparing the Supplemental Motion. *Id.* at 1-2.

In response, Plaintiff states she arrived on time at the location previously agreed to by the parties and ordered by the Court. Opposition at 1-2. However, she then discovered the doctor had moved to a new office and subsequently went to that location. *See id.* at 2. Due to the "mix-up[,]" she arrived at 11:30 a.m. *Id.; see also* Declaration of Felicia Suelter (Declaration), attached to the Opposition as Exhibit 1. She "felt [the doctor] was upset over the delay and blamed her for the mix-up." Opposition at 2; *see also* Declaration ¶ 8.

Pursuant to Rule 35, Federal Rules of Civil Procedure (Rule(s)), "[w]hen the mental or physical condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to [an] examination[.]" Such an "order may be made only on motion for good cause shown . . . and shall specify the time, place, manner, conditions, and scope of the examination[.]" *Id.* On July 8, 2005, the parties filed the Stipulation for Order of Compulsory Mental Examination of Plaintiff

Felicia Suelter (Doc. #68; Stipulation), which included the time, date, place, and other pertinent information. *Id.* at 1. Thereafter, on July 12, 2005, the Court ordered the examination to proceed as the parties had stated in the Stipulation. Order (Doc. #69; Order). Specifically, it was to be at 10:00 a.m. on September 13, 2005, at "33920 U.S. Highway 19 North, Ste 347, Palm Harbor, Florida 34684[.]" Stipulation at 1; *see* Order.

On August 22, 2005, Defendant's attorney sent a letter via facsimile to counsel for the Plaintiffs stating as follows: "This will confirm that Ms. Suelter will appear for her IME on September 13, 2005, at 9:30 a.m. at the office of Dr. Bar[ba]ra Stein at 1679 Indian Rocks Road South, Largo, Florida 33774. If this does not comport with your understanding, please call me immediately." Untitled Letter, attached to the Motion as Exhibit 1. Clearly, this does not reflect the time or place the Court had ordered. As Ms. Suelter points out, "[t]his letter did not state that the address . . . was different from the address stated in the order." Opposition at 3. In addition, "given the facially routine nature of defense counsel's letter" it was not compared with the Stipulation or Order to make sure it comported. *Id.* Plaintiffs request that if a further examination is to be held, it should be done in Jacksonville. *Id.* at 5-6.

Given the requirements of Rule 35, is was improper for Defendant to unilaterally modify the time and place of the examination. Further, it is not clear the letter would have been sufficient to notify Ms. Suelter of any change as it did not specifically state that the time and address listed therein were different than had been previously agreed. As Plaintiffs have noted, on its face it appeared routine. In addition to this, Plaintiff states in her Declaration "[i]t would be a hardship for [her] to travel back to Southwest Florida because [she has] an older, high mileage car, and [she has] health problems which make travel of this nature difficult." Declaration ¶ 13. According to the Opposition, she "suffers from agoraphobia and post traumatic stress." Opposition at 3. A deposition excerpt, attached to the Opposition as Exhibit 3, confirms that "she has trouble just getting out of the house or doing anything. . . . She's . . . afraid to go out of the house[.]" *Id.* at [externally numbered] 4.

Given the circumstances, the Motion (Doc. #131) and Supplemental Motion (Doc. #135) are **GRANTED** to the extent the Court will allow Ms. Suelter to be fully reexamined. However, the examination will be held in Jacksonville and Plaintiff will not be required to pay costs or attorney's fees and the Motion and Supplemental Motion are otherwise **DENIED**. Within eleven (11) days of the date of this Order, the parties shall meet and agree on a suitable time and location in Jacksonville for the examination.

- 4 -

The specifics therefor shall, within the same time period, be submitted to the Court in the form of a stipulation.

**DONE AND ORDERED** at Jacksonville, Florida this 19th day of October, 2005.

/s/   Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
   *pro se* parties, if any